-Manly; J'.
 

 n Simple receipts for money, which contain no evidence of á.'-éóntract between the parties, are liable to be explained of altered by oral testimony, but it is not so with re>
 
 *95
 
 gard to the written evidence of a contract, whether executed or .executory.
 

 Therefore, in the Superior Court, the Judge properly rejected the testimony offered to explain the legal effect of the instrument, under date of the 15th of August, 1855. We are of opinion, however, that the sense of that paper was misinterpreted by his Honor, and that it does not, as was supposed, convey a title to the slave. This is a question of law, which must be decided upon a consideration of the language of the instrument alone. By a reference to that, it will be perceived that the three hundred dollars was received, not in full, but in
 
 part
 
 payment for the slave, and it then sets out that he is runaway, and binds the signer, under a penalty, to deliver him by a certain time. There seems to have been something left for both parties to do, the one to make complete payment, (or a satisfactory substitute) the other to make delivery of the slave. Jollie, Hanks and Holt did not intend, and, as we suppose, were not liable to pay until the slave was delivered, and there was no obligation on the part of Brooks to deliver, until the other party had announced his readiness to make satisfaction for the price. There could not have been, therefore, that transmutation of property necessary to support the action. Eor, upon such transmutation “
 
 eoinsiantl”
 
 correlative rights spring up; on the one side, property in the thing, on the other, property in the price ; rights, which we have shown tiie parties, to this paper, 'could not have contemplated.
 

 We conclude, therefore, that the instrument
 
 par se,
 
 is evidence only of a contract, executory in its nature, and not executed, and that upon it alone,
 
 proprio vigore, no
 
 right of property in the slave can be legally asserted.
 

 Per Cukiam,
 

 Judgment reversed and a
 
 venire de
 
 novo.